### No. 779

### LOGAN v. CHRISSENGEN

U. S. District Court of Oregon
No. E-8593. Decided July 2, 1923

### 15. CORPORATIONS.

Stock Liability—Name of stockholder on stock register of National Bank creates a presumption of legal liability for an assessment on bank stock—In a suit to collect such an assessment, defense may be interposed that he had sold it to another who failed to have it transferred on bank's books—Liability of owner of stock may continue.

WOLVERTON, J.

Action by Logan to enjoin receiver of National Bank from enforcing personal liability on capital stock. The evidence disclosed that Logan, desiring to secure control of the stock of the National Bank, purchased from one Wildhaber 129 shares of capital stock, and gave therefor his note. A contract was entered into whereby, if Logan was unable to dispose of the stock within six months, the contract was to be cancelled and stock returned. Logan signed a blank transfer with the power of attorney on the back of each certificate. Wildhaber pledged the note and stock, but later the note was returned by him to Logan. The stock remained pledged in Logan's name on the stock transfer book. In dismissing the injunction the District Court held:

1. The presence of the name of the stockholder on the stock register of a National Bank creates a presumption of legal liability on his part, which, however, may be rebutted by proof of a bona fide sale of the stock and a satisfactory showing that

the seller has done all that he can be reasonably called upon to do in the furtherance of every duty which the law imposes on him to secure a transfer on the register of the bank.

2. The test whether plaintiff, seeking an injunction against a suit to enforce an assessment on bank stock has an adequate remedy at law, is whether he could have interposed as his defense at law a matter on which he relies as constituting his equitable action, and he clearly could interpose a claim that he had sold the stock to another who failed to have it transferred on the books. Therefore it is not necessary for the court of equity to lend its aid.

Attorneys—G. W. Hayes and J. W. McCulloch, for Logan; C. M. Crandall, for Chrissengen.

---

### No. 780

### OHIO COLLERIES CO. et al v. STUART et al

District Court, N. D. Ohio, W. D.
290 Fed. 1005. Decided March 8, 1923.

### 104. CONSTITUTIONAL LAW.

(1) Where a statute provides certain penalties for its violation, the repeal or inoperation of the statute does not render the question of its constitutionality a moot question—(2) Disclaimer of state officers to enforce the law does not render question of its constitutionality a moot question—(3) Ohio Emergency Act of 1922 held unconstitutional.

KILLITS, D. J.

#### Epitomized Opinion

This was an action for an injunction brought by the Ohio Collieries Company against Stuart, Prosecuting Attorney of Lucas county to restrain him from enforcing the State Emergency Act passed in September, 1922, to relieve the coal situation. This Act provided for the retention within the state of all coal mined therein and its sale for domestic consumption. In holding the law unconstitutional the court held:

1. Though a state statute is about to cease effective operation by its own limitation, the question of its constitutionality is not moot, where it imposes penalties for its violation, the right to enforce which survives its active operation.

2. Disclaimer by officers of a state of intention to enforce a statute is not sufficient to require dismissal of a suit by parties affected to test its constitutionality.

3. The Emergency Act is unconstitutional as an interference with interstate commerce and in conflict with the federal act of September 22, 1922, providing for interstate distribution of coal.

Attorneys—Tracy, Chapman & Welles, for Ohio Colleries Co. et al; R. R. Zurmehly and Frank E. Calkins, for Stuart et al.